IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

DAVID BURNSIDE, #22618-057,           )
                                      )
        Petitioner,                 )    Civil Action No. 9:14-2961-RBH-BM
                                      )
v.                                    )
                                      )
M. TRAVIS BRAGG, WARDEN,              )    **REPORT AND RECOMMENDATION**
                                      )
        Respondent.                 )
_____)

        This action has been filed by the Petitioner, pro se, pursuant to 42 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution ("FCI") in Bennettsville, South Carolina, serving a term of incarceration following a conviction for interference with commerce by robbery, a violation of 18 U.S.C. § 1951. See Respondent's Exhibit 1, Attachment A. In this petition, Petitioner seeks to have his administrative disciplinary conviction for Possession of Intoxicants)[see Respondent's Exhibit 2] set aside and expunged, and restoration of good time that was disallowed as a result of this disciplinary conviction. See Complaint.

        Respondent filed a motion to dismiss and/or for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 25, 2014. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on September 30, 2014, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. After initially failing to timely respond, Petitioner thereafter filed a



memorandum in opposition to the Respondent's motion on November 12, 2014.

This matter is now before the Court for disposition.[1]

## Background

On June 10, 2012, while conducting searches in Housing Unit C-3, Senior Officer Specialist B. Young found a pillowcase containing homemade intoxicants in a trash can between cells 208 and 209. Officer Young found four (4) bottles and six (6) plastic bags filled with orange liquid substance with a strong odor. The liquid was tested with the Alco Sensor IV Breathalyzer with a result of .060, positive for alcohol. Senior Officer Wallace then reviewed recorded Vicon video footage from Housing Unit C-3 and positively identified the Petitioner as carrying a pillowcase from cell 209 and placing it in the trash can, then taking it out of the trash can and carrying it into cell 208. After that, another inmate (Spinks) carried the pillowcase and placed it in the trash can. Immediately after that time, the staff found the pillowcase with the alcohol. See Respondent's Exhibits Two and Three.

Officer Wallace identified Petitioner as the first inmate by following him on video from the time he was let out of the cell, his physical features (height and hair style), the clothing he was wearing, and by his individual actions. Petitioner was assigned to cell 208 from December 6, 2010, until June 10, 2012, following the discovery of the alcohol. Shortly thereafter, Wallace prepared an incident report charging Petitioner with a violation of Disciplinary Code 113: *Possession of Intoxicants*. See Respondent's Exhibit Two; Respondent's Exhibit Three, ¶¶ 9-10. Petitioner received the incident report charging him with possession of intoxicants on June 10, 2012. See

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

Respondent's Exhibit Two.

Discipline Hearing Officer Mitchell for the Bureau of Prisons ("BOP") attests that an initial investigation was conducted by Officer Hudson on that date into the charged prohibited act; see Respondent's Exhibit Three, ¶ 11; and Hudson advised the Petitioner of his right to remain silent. Id Petitioner responded, "I'm innocent." See Respondent's Exhibit Two [Sections 23 and 24]. Petitioner did not request any witnesses. See Respondent's Exhibit Two [Section 25]. At the conclusion of the investigation, Hudson found the report to be true as written. See Respondent's Exhibit Two [Section 26]. Petitioner remained in the Special Housing Unit ("SHU") and the incident report was referred to the Unit Discipline Committee ("UDC") for further disposition. See Respondent's Exhibit Two [Section 27].

The UDC hearing was then conducted on June 12, 2012. See Respondent's Exhibit Three, ¶ 12. The UDC referred the matter to a Disciplinary Hearing Officer ("DHO"). Id; see also See Respondent's Exhibit Two [Section 18(B)]. On June 12, 2012, Petitioner received written notice of a hearing before the DHO and was advised of his rights before the DHO Hearing. See Respondent's Exhibit Three, ¶ 12; see also Respondent's Exhibits Four & Five. The hearing before the DHO was conducted on July 6, 2012. See Respondent's Exhibit Six. After considering all of the evidence, the DHO found that Petitioner had committed the prohibited act as charged. See Respondent's Exhibit Three, ¶¶ 16-17; Respondent's Exhibit Six, Sections § IV-V. The DHO then imposed a variety of sanctions for the offense, including disallowance of 41 days good conduct time, 30 days disciplinary segregation, and 180 days each loss of commissary, phone, and visitation privileges. See Respondent's Exhibit Three, ¶ 17; Respondent's Exhibit Six, § VI. The DHO prepared a written report on August 16, 2012, detailing the decision, the evidence relied upon, and the reasons for the sanctions imposed. See Respondent's Exhibit Six.

3



Respondent concedes that due to an administrative error, a copy of this written decision was not delivered to the Petitioner until May 3, 2013. Id; See Respondent's Exhibit Three, ¶¶ 18-19; Respondent's Exhibit Six, § IX. However, after receiving the DHO report, Petitioner was allowed to properly appeal this decision throughout the administrative remedy. See Respondent's Exhibit Three, ¶ 19; Court Docket No. 1, pp. 8-9.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. See Habeas Corpus Rules 5-7, 11. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, Petitioner alleges that his disciplinary conviction should be overturned, and his lost good time restored, because there was not sufficient evidence to support the conviction.[2]

---

[2] Petitioner also alleges that Officer Young should have made the charging decision rather than
(continued...)



Petitioner also contends that his rights were violated by the DHO's failure to properly notice the Petitioner's right to appeal and/or prepare and timely provide the Petitioner a written report to perfect his appeal.  See Traverse, p. 1; see also generally, Petition.  See Traverse, p. 4; see also generally, Petition.  Respondent does not contest that Petitioner has exhausted his administrative remedies, and that this Petition is properly before this Court.  See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)[Prisoner may use § 2241 to challenge deprivation of good-time credits]; Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984).  However, after careful review of the material and arguments presented, the undersigned finds that Petitioner has failed to show entitlement to relief on his claims.

First, in a prison disciplinary setting, an inmate is entitled to only a minimal standard of due process.  If the following requirements are satisfied, prison officials have met this minimal standard.

1. Advance written notice of the charges;

2. A written statement by the committee, citing the evidence on which they relied and the reasons for the action taken; and

3. The right by the inmate/defendant to call witnesses and present documentary evidence, if institutional safety will not be jeopardized.

Wolff v. McDonnell, 418 U.S. 539, 563-576 (1974); Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004).  Here, it is uncontested that Petitioner was given advance written notice of the charges, that he was informed of his right to call witnesses and present documentary evidence, and that he was provided with a UDC hearing on June 12, 2012 and notice of the disciplinary hearing before the

---

[2](...continued)
Officer Wallace.  See Traverse, p. 3.



DHO, as well as with a copy of his inmate rights. See Respondent's Exhibits Two-Six 1. The DHO hearing was then conducted on July 6, 2012, at which Petitioner was present and made a statement in his own defense. See Respondent's Exhibit Six, III. B. Petitioner did not request any witnesses to be present. Id. After considering all of the evidence, the DHO found that Petitioner had committed the prohibited act as charged and imposed a variety of sanctions, including disallowance of good conduct time, disciplinary segregation, and loss of commissary, visitation, and phone privileges. Id. The DHO also prepared a written report detailing the decision, the evidence relied upon, and the reasons for the sanctions imposed, and a copy of this written decision was delivered to the Petitioner on May 3, 2013. Id.; Respondent's Exhibit Three, ¶ 18.

Petitioner does not contest that any of his rights were violated during the DHO hearing other than his challenge to the sufficiency of the evidence, and there is nothing in this case history which shows a violation of Wolff and its progeny. See Wolff v. McDonnell, 418 U.S. at 563-576; Luna v. Pico, 356 F.3d 481, 487-488 (2d Cir. 2004) [noting that due process requirements are satisfied where a prisoner is given advance written notice of the charges, the right to participate in the hearing and call witnesses, and provided with a written statement setting out the decision and the reasons therefore]. To sustain a conviction in an institutional setting, the fact-finder need only show that some evidence existed to support the decision. Superintendent, Massachusetts Correction Institution v. Hill, 472 U.S. 445, 456-457 (1985); see Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003); see also Chevron U.S.A. v. Natural Res. Def. Cil., Inc., 467 U.S. 837, 844 (1984)[Agency's decisions are not to be second-guessed by federal courts unless they are arbitrary, capricious, or manifestly contrary to the statute]. This standard was clearly met in this case, and the Supreme Court in Superintendent evidenced a distaste for allowing the federal courts to review the outcome of prison disciplinary actions, with the "some" evidence standard for a disciplinary decision being sufficient

6



<a>
</a>

to pass scrutiny under the due process clause. Id; Baker v. Lyles, 904 F.2d 925 (4th Cir. 1990); Sales v. Murray, 862 F.Supp. 1511 (W.D.Va. 1994); McClung v. Shearin, No. 03-6952, 2004 WL 225093 (4th Cir. Feb. 6, 2004).

While Petitioner obviously disagrees with the DHO's findings, the "mere fact that Petitioner has some evidence with which he could craft a defense to the disciplinary charges is wholly irrelevant in a § 2241 petition." Antonakeas v. Sherman, No. 05-305, 2006 WL 3421858 at * 3 (W.D.Pa. Nov. 28, 2006)[where court found that inmate could be disciplined for cellular phone found in his cell in his property even if he was not present when it was found]. Therefore, Petitioner's claim that the decision should be overturned due to insufficient evidence is without merit and should be dismissed. See Baker, 904 F.2d at 932 ["[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]."].

As a second claim for relief, Petitioner argues that since the UDC decision was not given to him until almost nine (9) months after the report was written, his due process rights were violated because he was supposed to receive the UDC written report within fifteen (15) work days of the decision.[3] See Traverse, p. 4; see also generally, Petition. However, although Respondent concedes that Petitioner did not receive a copy of the written report until nine months later, violations of BOP regulations do not equate to a violation of due process. Flanagan v. Shively, 783 F.Supp. 922, 931 (M.D.Pa. 1992))["The Constitution does not require strict adherence to administrative regulations and guidelines."]. Rather, Petitioner must show prejudice resulted from an alleged

---

[3]Under the applicable C.F.R.,

[t]he DHO gives the inmate a written copy of the decisions and disposition, *ordinarily* within fifteen work days of the decision.

See 28 C.F.R. § 541.8(i)[emphasis added].

7



constitutional violation as a prerequisite to be entitled to relief.  See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997); Dixon v. Hastings, 202 Fed.Appx. 750 at * 1 (5th Cir. 2006).  Petitioner has failed to show prejudice in this case.

Upon receiving the report on May 3, 2013, Petitioner had twenty (20) days to appeal the DHO findings; see Court Docket No. 1-1, p. 4 [Section VIII]; and Petitioner does not contest that he was allowed to appeal his disciplinary conviction to the Regional Director and the General Counsel.  See Court Docket No. 1, pp. 8-9.  Accordingly, Petitioner was able to exhaust all of his administrative remedies and he has not shown he suffered any prejudice by the delay in his receipt of the written report or any violation of his appellate rights.  Von Kahl v. Brennan, 855 F.Supp. 1413, 1422 (M.D.Pa. 1994)["[C]ourt[s] [are] reluctant to overtax and/or hamstring prison officials' execution of disciplinary policies and procedures by mandating an automatic remand for technical noncompliance with a regulation, absent some showing of prejudice to the inmate."]; Donaldson v. Samuels, No. 07-1072, 2007 WL 3493654 at * 5 (M.D.Pa. Nov. 2007) [The Constitution only requires compliance with minimal federal due process standards].  Therefore, Petitioner has not shown that receiving his written copy of the report outside the normal fifteen day notice period violated his due process rights.  Cf. Mayo v. Hogsten, No. 06-2241, 2007 WL 1521232 at * 5 (M.D.Pa. May 23, 2007)(citing Von Kahl, 85 F.Supp. at 1421 -1422)["[T]his court is reluctant to overtax and/or hamstring prison officials' execution of disciplinary policies and procedures by mandating an automatic remand for technical noncompliance with a regulation, absent some showing of prejudice to the inmate."].  This claim is without merit.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, with prejudice, and that the Petition be dismissed.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 5, 2015
Charleston, South Carolina



9

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

