IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| David Burnside, #22618-057, | ) | Civil Action No.: 9:14-cv-2961-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| M. Travis Bragg, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner David Burnside, #22618-057 ("Petitioner"), a federal prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 25, 2014. *See* Pet., ECF No. 1. On September 25, 2014, Respondent filed a motion for summary judgment and return and memorandum in support. *See* ECF Nos. 10–11. The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 26. In the Report and Recommendation, the Magistrate Judge recommends the Court grant Respondent's motion for summary judgment and dismiss the petition with prejudice. *See id.* at 8.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the Report and Recommendation.  In the absence of objections to the Report and Recommendation of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Furthermore, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U .S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 484–85.  In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.  Therefore, it is **ORDERED** that Respondent's motion for summary judgment is **GRANTED** and Petitioner's § 2241 petition is **DISMISSED** *with prejudice*.

2

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the

Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 9, 2015

3